1
2
3
4            **UNITED STATES DISTRICT COURT**
5                **DISTRICT OF NEVADA**
6
7    KAREN GUERTIN,                      )
                                         )
8                   Plaintiff,           )        2:11-cv-676-RCJ-CWH
                                         )
9    vs.                                 )        **ORDER**
                                         )
10   BANK OF AMERICA, *et al*.           )
                                         )
11                  Defendants.          )
12   _____   )

13          Plaintiff submitted an Application to Proceed *In Forma Pauperis* (#2) and a Complaint on April

14   29, 2011.  Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C.

15   § 1915 to proceed *in forma pauperis*.

16          Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action

17   in federal district court.  The court may authorize the commencement of an action "without prepayment

18   of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such

19   costs or give security therefore." 28 U.S.C. § 1915(a).

20   ***In Forma Pauperis* Application**

21          Plaintiff has submitted the affidavit required by § 1915(a) to show that she is unable to prepay

22   fees and costs or give security for them. In Plaintiff's Application to Proceed *In Forma Pauperis*,

23   Plaintiff reports that she earns $200.00 a month in wages.  Plaintiff indicates that she received Social

24   Security benefits in the amount of $1,245 per month.  Plaintiff states that her savings and checking

25   accounts total $892.27.  Plaintiff further states that she owns a 2004 Toyota Prius valued at $5,000.

26   Plaintiff has no dependents.  Plaintiff has not provided the Court with any information regarding her

27   monthly expenses or other outstanding debts.  Because of this deficiency, the Court is unable to

28   determine whether Plaintiff's monthly income is insufficient to pay the filing fee in this case.  *See Ross*

     *v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to

proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week); *Rucker v. County of Santa Clara*, 2003 WL 21440151 (N.D. Cal. June 17, 2003) (sufficient showing of indigency where plaintiff received $748.42 per month, and that amount was exceeded by his outstanding monthly expenses and debt)).

Plaintiff has failed to include in her application any information regarding the amounts of her expenses or debts.  Thus, the Court cannot make a determination about whether her monthly income and current assets exceeds, or is exceeded by, her monthly expenses and other outstanding debts.  It appears to the Court that Plaintiff has sufficient funds to pay the filing fee in this case.  The Court finds that Plaintiff has not satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and that Plaintiff is able to pay the costs of commencing this action.

Having concluded that Plaintiff is not entitled at this time to proceed *in forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of the case at any time if the Court determines that it is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.  Accordingly,

**IT IS ORDERED** that the Application to Proceed *in Forma Pauperis* (#1) is **DENIED**. Plaintiff shall pay the filing fee of $350.00 within thirty days from the date that this Order is entered. Failure to comply with this Order will result in the Court recommending dismissal of this action.

Dated this 6th day of January, 2012.

1

2

3

_____

4

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28